S. Peter Serrano
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSE MARIE FERGUSON,

Defendant.

Case No. 2:24-CR-00070-RLP

GOVERNMENT'S SENTENCING
MEMORANDUM

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

I.    BACKGROUND

The Government agrees with the Offense Conduct summary outlined in paragraphs eight through eighteen of the Presentence Investigation Report. *See* ECF No. 42 at ¶¶ 8–18.[1] The Defendant bought a 1911 Kimber handgun that she bought from North 40. Eric Laducer, a known violent felon, supplied the Defendant with the money to purchase the firearm. The Defendant signed the Firearm Transaction Record

---

[1] The Government has no objections to the Presentence Investigation Report. The Government does intend to request one additional special condition: that the Defendant have no contact with Eric Laducer.

GOVERNMENT'S SENTENCING MEMORANDUM - 1

and agreed that she was the actual transferee/buyer of the firearm, even though she bought the firearm for Laducer.

## II.   RESPONSE TO DEFENDANT'S PSIR OBJECTION

The Defendant objects to the application of a two (2) level enhancement under U.S.S.G. § 2K2.1(b)(5)(B) for "double counting." Contrary to the Defendant's argument, 18 U.S.C. § 922(a)(6) – the statute of conviction – criminalizes making a false statement during the acquisition of a firearm, not acquiring a firearm with knowledge it would be transferred to a felon. *Compare* 18 U.S.C. § 922(a)(6) *with* 18 U.S.C. § 932. Section 2K2.1(b)(5)(B) ensures that the Defendant's guideline captures that the Defendant straw purchased the firearm for a felon, as opposed to some other person (which is all that is required to violate § 922(a)(6)). No "double counting" is present here.

## III.   SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's base offense level is fourteen (14). *See* U.S.S.G. § 2A2.2(a). The Government further agrees that the following specific offense characteristics apply as a result of the Defendant's criminal actions:

-two (2) levels pursuant to U.S.S.G. § 2K2.1(b)(5)(B) as the Defendant transferred a firearm that she purchased to an individual who the Defendant knew was prohibited from possessing firearms.

The Defendant demonstrated acceptance of responsibility concerning her criminal behavior. The Government agrees that the Defendant has two (2) criminal history points and is in Criminal History Category II. As such, the Defendant's total, adjusted offense level is thirteen (13) for a sentencing guideline range of 15 to 21 months.

### B. Departures

The Government is not seeking an upward departure. A downward departure may, however, be appropriate for the reasons discussed below.

//

GOVERNMENT'S SENTENCING MEMORANDUM - 2

## IV.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

Based on the totality of the circumstances, the nature and characteristics of the Defendant's conduct warrant a sentence of six (6) months imprisonment.

Eric Laducer – the Defendant's paramour – is a dangerous man. Laducer has prior convictions for kidnapping (in which he was armed with a firearm) and felony assault. Laducer is currently charged with assaulting his spouse with a firearm. The Defendant knew that Laducer could not possess a firearm and bought one for him anyway, thereby placing other persons in harms way. The Defendant's conduct is accordingly serious.

The Defendant however has only misdemeanor criminal history,[2] has complied with her pretrial release conditions, and experienced a troubled upbringing. The Government is also aware that – through the concurrent prosecutions of the Defendant, Laducer, and T.L. (Laducer's spouse) – that Laducer was manipulative of both the Defendant and T.L. Although the Defendant was wrong to buy Laducer a firearm, the above mitigating factors warrant a downward departure.

Probation – as recommended by the Defendant – is not appropriate. The Defendant's offense is serious: she supplied a firearm to a dangerous man previously convicted of at least one violent offense involving a firearm. While the Government acknowledges that incarcerating the Defendant would be disruptive, some carceral sanction is necessary to impart on the Defendant the importance of complying with the law moving forward. Laducer will rejoin the Defendant in the Omak community

---

[2] The Defendant's Criminal History Category of II may – as it is based solely on ten-year-old driving misdemeanors – over-represent the seriousness of the Defendant's criminal history. *See* U.S.S.G. § 4A1.3.

GOVERNMENT'S SENTENCING MEMORANDUM - 3

eventually. If the Court does not ensure that the Defendant is adequately deterred, the Defendant appears highly susceptible to re-engage in criminal conduct with Laducer. A six (6) month sentence both accounts for mitigating factors while deterring the Defendant from future criminal behavior.

The Government also recommends a three (3) year term of supervised release. The Defendant – based on the accounts of her behavior in the Presentence Investigation Report – has both an alcohol and drug problem as well as mental health concerns. Supervised release would provide the Defendant treatment for her underlying conditions, while protecting the community from future criminal activities.

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant within the adjusted advisory guideline range, to six (6) months imprisonment. Such a sentence reflects the seriousness of the Defendant's criminal conduct and promote respect for the law. The Government also asks that the Court order a three (3) year term of supervised release.

C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a six (6) month sentence followed by a three (3) year term of supervised release will deter future criminal activity by the Defendant. The recommended sentence would impart upon the Defendant the importance of removing negative and destabilizing influences – such as Laducer – from her life, thereby protecting both the Defendant and the community.

D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, a six (6) month sentence followed by a three (3) year term of supervised release will protect the public from future criminal activity by the Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM - 4

E. The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

A six (6) month sentence followed by a three (3) year term of supervised release would provide the Defendant with opportunities to better herself so that she is no longer a danger to others. As noted above, the Defendant would benefit from drug and alcohol treatment as well as mental health counseling.

F. The kinds of sentences available

The Court may sentence the Defendant to up to ten years imprisonment, a fine of up to $250,000, and up to three years of supervised release.

G. The kind of sentence contemplated by the Sentencing Guidelines

The Sentencing Guidelines contemplate a term of imprisonment.

H. Any pertinent policy statements issued by the Sentencing Commission

There are no pertinent policy statements in this case.

I. The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

A sentence below the guideline range would be appropriate given the facts of the Defendant's case.

J. The need to provide restitution to any victims of the offense

Restitution is not contemplated.

V. **GOVERNMENT'S SENTENCING RECOMMENDATION**

As discussed above, the Government recommends that the Court impose a six (6) month sentence followed by a three (3) year term of supervised release with the conditions outlined in the Presentence Investigation Report, with the additional condition that the Defendant have no contact with Laducer while subject to supervised

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 5

release. *See* ECF No. 42 at 18–22. Such a sentence is sufficient to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   September 23, 2025.

S. Peter Serrano
United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 6

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Frank Cikutovich

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 7